IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSEPH GIRAUDO,<br><br>Defendant. | Case No. 14-cr-00534-CRB-1<br><br>**ORDER DENYING MOTION TO CORRECT SENTENCE** |

Defendant Joseph Giraudo moves the Court to correct the sentence imposed on May 8, 2018, under Federal Rule of Criminal Procedure 35(a). That rule provides that "Within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a). Giraudo contends that the Court's sentence was clearly erroneous because it was substantially higher than that of another defendant, Kevin Cullinane. See 18 U.S.C. § 3553(a)(6). But Rule 35(a) "clearly is intended to allow a district court to modify a sentence only in very limited instances and not merely to 'reconsider' sentencing issues." United States v. Aguirre, 214 F.3d 1122, 1126 (9th Cir. 2000). A court may not reopen sentencing simply because it has "change[d] its mind," id., or because there is a disagreement over "the court's discretionary application of the guidelines to the facts of the offense," United States v. Wisch, 275 F.3d 620, 625 (7th Cir. 2001). Accordingly, the Court lacks legal authority to grant the motion.

Even if the Court did have the authority to consider the motion, it would deny it. 18 U.S.C. § 3353a(6) requires a court to avoid <u>unwarranted</u> disparities among defendants. In this case, the disparity in sentences between Giraudo and Cullinane is clearly warranted.

Giraudo is considerably more blameworthy than Cullinane, or any of the other defendants, for that matter.

**IT IS SO ORDERED.**

Dated: May 17, 2018



CHARLES R. BREYER
United States District Judge